IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

THE STATE OF OKLAHOMA, et al.,

*Defendants*.

Case No.  5:24-cv-00511-J

### NOTICE REGARDING VOLUNTARY DISMISSAL FILED BY THE UNITED STATES

Padres Unidos de Tulsa, Ximena Monserrat Lopez Mena, Jordy Madrigal Martinez, Antonio Marquez, and Rene Doroteo Hernandez ("Private Plaintiffs") file this Notice in response to the United States's Notice of Voluntary Dismissal, ECF No. 50, filed on March 14, 2025, that seeks dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  Private Plaintiffs request that, prior to taking any action in response to the United States's filing, the Court afford parties the opportunity to brief the effect, if any, of voluntary dismissal on the injunction issued in the United States's case and seek any additional relief that may be warranted in its consolidated case, *Padres Unidos de Tulsa v. Drummond*, No. 5:24-cv-00526-R (W.D. Ok. 2024).

Private Plaintiffs are individuals who face arrest, prosecution, and banishment under H.B. 4156, and an organization whose members include noncitizens subject to the law. They filed a challenge to H.B. 4156 on May 23, 2024, and moved for a preliminary injunction on May 24, 2024. ECF No. 15. The United States filed suit on May 21, 2024, and moved for a preliminary injunction on May 23, 2024. *United States v. Oklahoma*, 5:24-cv-00511-J, ECF No. 4 (W.D. Ok.

1

2024). Both parties raised substantially similar claims, challenging H.B. 4156 under the Supremacy Clause and the Commerce Clause. This Court consolidated both actions because they "center around the same legislation and involve similar defendants, as well as common questions of law and fact," and directed all future filings to be maintained on the United States's docket. *Id.*, ECF No. 17.

On June 28, 2024, the Court granted the United States's motion for preliminary injunction, finding that H.B. 4156 is preempted because it "criminalizes conduct proscribed by the comprehensive federal framework regulating noncitizen entry and reentry" where "Congress has . . . left no room for supplementary state legislation," and authorizes state officials to unilaterally punish noncitizens for immigration offenses "absent any request, approval, or other instruction from the Federal Government." *Id.*, ECF No. 39 at 16–17, 26–27 (quoting *Arizona v. United States*, 567 U.S. 387, 410 (2012)). Because it had already enjoined the law pursuant to the federal government's request, the Court denied Private Plaintiffs' motion for the same preliminary relief as moot. *Id.*, ECF No. 40. On July 17, 2024, the State filed a notice of appeal. *Id.*, ECF No. 43.

While the Private Plaintiffs were designated as plaintiffs-appellees in that appeal, *United States v. Oklahoma*, No. 24-6144, ECF No. 33 (10th Cir. 2024), the district court's disposition of the two preliminary injunction motions led the Private Plaintiffs to seek intervention out of an abundance of caution to ensure they could defend the injunction that both they and the United States had sought. A Tenth Circuit motions panel provisionally granted intervention "to the extent it is necessary." *Id.*, ECF No. 40 at 2. Thus, Private Plaintiffs are now involved in this litigation in two capacities: not only as parties to their own suit, but also as intervenor parties in the United States's suit (which the federal government now seeks to voluntarily dismiss).

2

The appeal of the preliminary injunction has been fully briefed and is pending before the Tenth Circuit. Oral argument has been scheduled for April 10, 2025. *Id.*, ECF No. 81. On March 13, 2025, the Tenth Circuit merits panel *sua sponte* directed the United States to file a status report by Monday, March 17, 2025 advising whether its position in the litigation has changed and, if so (1) state its current position "with respect to the issues pending on appeal" and (2) address how that change "affects the course of further proceedings in this litigation." *Id.* ECF No. 86.

Private Plaintiffs, who were parties to the consolidated action before this Court and have been granted provisional intervention on appeal, are parties to this litigation and the injunction issued in the United States's case. Thus, under these unusual circumstances, the United States is "not vested with the absolute right of dismissal." *Butler v. Denton*, 150 F.2d 687, 690 (10th Cir. 1945) (although no answer had been filed, plaintiff did not have absolute right of dismissal by notice or motion because intervenors had "tendered justiciable issues for determination"); *see also Fort Sill Apache Tribe of Oklahoma v. United States*, No. CIV-08-0541-F, at *1 n.1 (W.D. Okla. July 23, 2008) ("An intervenor who has completed the process of entering the litigation is a party to the action.").

The United States's change in position, and the effect of its voluntary dismissal, poses important questions that may require additional briefing to resolve. Indeed, the Tenth Circuit merits panel has already ordered such briefing to better understand the impact of any change in the United States's position on the litigation as a whole. *See United States*, No. 24-6144, ECF No. 86.

The equitable and orderly path forward would be to leave the existing preliminary injunction unchanged pending briefing and decision of those issues—whether that briefing

3

occurs before this Court or the Tenth Circuit. Oklahoma's statute is unconstitutional, as this Court has already found, and has been enjoined since before it took effect. *United States*, 5:24-cv-00511-J, ECF No. 39. The courts should carefully assess what if any effect the United States's notice may have on that injunction before permitting the State to engage in preempted state immigration arrests and prosecutions.

Likewise, the Court should afford Private Plaintiffs a fair opportunity to protect their interests in response to the United States's Notice. Private Plaintiffs have been fully involved in this litigation at every juncture and have substantial equities at stake in any modification or dissolution of the injunction: If H.B. 4156 goes into effect, they or their members will be subject to arrest and prosecution. Moreover, they have devoted significant time and resources to this litigation. They have completed preliminary injunction briefing before this Court, and fully briefed a motion for intervention and Oklahoma's appeal from this court's ruling in the Tenth Circuit. The case has been calendared for argument in less than a month.

Therefore, Private Plaintiffs respectfully request that this Court preserve the status quo and maintain the injunction in place while it determines what, if any, additional steps or information is required before dismissing the case. In the alternative, if the Court believes that the Notice of Voluntary Dismissal divests it of jurisdiction, Plaintiffs request that it construe this Notice as a Motion for a Temporary Restraining Order on the briefing submitted in Private Plaintiffs' consolidated case. *Padres Unidos de Tulsa*, 5:24-cv-00526-R.

Dated: March 16, 2025

Elissa Stiles (OK Bar. No. 34030)
Rivas and Associates
P.O. Box 470348
Tulsa, OK 74147
T: (918) 419-0166
F: (918) 513-6724
*estiles@rivasassociates.com*

Nicholas Espíritu
Tanya Broder
National Immigration Law Center
3450 Wilshire Blvd., No. 108-62
Los Angeles, CA 90010
T: (213) 639-3900
F: (213) 639-3911
*espiritu@nilc.org*
*broder@nilc.org*

Megan Lambert (OK Bar. No. 33216)
Devraat Awasthi (OK Bar. No. 35544)
American Civil Liberties Union of Oklahoma Foundation
P.O. Box 13327
Oklahoma City, OK 73113
T: (405) 525-3831
*mlambert@acluok.org*
*dawasthi@acluok.org*

Respectfully submitted,

*/s/ Noor Zafar*
Noor Zafar
Wafa Junaid
Omar Jadwat
American Civil Liberties Union Foundation, Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
*nzafar@aclu.org*
*wjunaid@aclu.org*
*ojadwat@aclu.org*

Spencer Amdur
Oscar Sarabia Roman
Cody Wofsy
American Civil Liberties Union Foundation, Immigrants' Rights Project
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0770
*samdur@aclu.org*
*osarabia@aclu.org*
*cwofsy@aclu.org*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2025, I electronically filed the foregoing with the Clerk of Court by using the District Court CM/ECF system. A true and correct copy of this document has been served via the Court's CM/ECF system on all counsel of record.

/s/ *Noor Zafar*
Noor Zafar
American Civil Liberties Union
Foundation, Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
*nzafar@aclu.org*

*Counsel for Plaintiffs*