UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PADRES UNIDOS, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>GENTNER DRUMMOND, *in his official capacity as* Oklahoma Attorney General, *et al.*<br><br>*Defendants*. | Civil Action No. 5:24-CV-511-J |

**PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS**

Plaintiffs Barbara Boe and Christopher Coe respectfully move this Court for an order granting them leave to proceed under pseudonyms. They seek to challenge the constitutionality and enjoin the enforcement of H.B. 4156, an Oklahoma state law that threatens immigrants like Barbara Boe and Christopher Coe with arrest, prosecution, and banishment from the State. Plaintiffs seek the Court's protection of their identities so that they may pursue this litigation without fear of retaliation or risk of physical violence, and in furtherance of their substantial privacy interests. Because these concerns outweigh the usual practice of named parties in federal litigation, Plaintiffs should be permitted to proceed under pseudonyms.[1] Defendants oppose the requested relief.

---

[1] To protect their privacy pending consideration of this motion, in their Complaint and this motion, Plaintiffs have used the pseudonyms for which they seek leave to use in this action.

1

## BACKGROUND

Barbara Boe has been a longstanding resident of Oklahoma, since she entered the United States without inspection in 2000. She is in her 50s and works at a manufacturing company and a restaurant. She regularly travels to other states to visit family members. She fears arrest, detention, and removal under H.B. 4156. As a member of the LGBTQ+ community, she fears being forced to return to her country of origin of Mexico, where she experienced discrimination and harassment based on her sexual orientation. She fears being unable to visit her family here in the United States, with whom she is very close. Finally, she fears being torn apart from the community and life, free from discrimination and oppression, she has built for herself in Oklahoma. *See* Declaration of Barbara Boe ¶¶ 2–10 ("Boe Decl.").

Christopher Coe lives in Oklahoma with his wife and stepdaughter. After multiple removals in the early 2010s, Coe reentered the United States in 2012 and has remained in Oklahoma ever since. He works in residential construction and is the primary provider for his household. His wife, a crime survivor, relies on him for financial and emotional support. She is pursuing lawful status that may extend to him as well. Coe fears that H.B. 4156 would upend his family's stability and expose him to prosecution, detention, and separation from his loved ones. This would be extremely disruptive for his family and would devastate their well-being. Christopher Coe also fears physical retaliation from the individual who committed a crime against his wife. *See* Declaration of Christopher Coe ¶¶ 3–10, 14 ("Coe Decl.").

## ARGUMENT

In general, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). But the Tenth Circuit allows plaintiffs to proceed anonymously "where there are significant privacy interests or threats of physical harm implicated by the disclosure of the plaintiff's name." *M.M. v. Zavaras*, 139 F.3d 798, 801 (10th Cir. 1998) (quoting *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)); *see also Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). Although "identifying a plaintiff only by a pseudonym is an unusual procedure," it is appropriate "where there is an important privacy interest to be recognized," and is "subject to a decision by the judge as to the need for the cloak of anonymity." *Doe H. v. Haskell Indian Nations Univ.*, 266 F. Supp. 3d 1277, 1288 (D. Kan. 2017) (quoting *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)).

To determine whether a plaintiff may proceed anonymously, the court may use "informed discretion" to weigh a plaintiff's right to privacy—including (1) whether there is a "real danger of physical harm," (2) whether the claims "involv[e] matters of a highly sensitive and personal nature," and (3) "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity"—against the countervailing public interest in disclosure. *M.M.*, 139 F.3d at 803 (first quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992); and then quoting *James v. Jacobson*, 5 F.3d 233, 242 (4th Cir. 1993)). In this case, where Plaintiffs face real danger of physical harm and which involves matters of a highly sensitive and personal nature, Plaintiffs' privacy interests far outweigh the public

3

interest in disclosure. Accordingly, this Court should grant Plaintiffs' motion to proceed under pseudonym.

## I.     Plaintiffs face real danger of physical harm.

Courts in this circuit have allowed plaintiffs to proceed under pseudonym where "they face sufficient dangers and risks of injury, including risks of physical harm[.]" *D.B.U. v. Trump*, No. 1:25-CV-01163-CNS, 2025 WL 1101149, at *1 (D. Colo. Apr. 14, 2025) (citing *Femedeer*, 227 F.3d at 1246).

In particular, courts in this circuit recognize the risk of physical harm to individuals who face retaliatory physical or even mental harm, should their identities be revealed to the public. *See D.B.U.* at *1 (citation omitted); *Doe v. United States Dep't of State*, No. 1:15-CV-01971, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015)); *see also B.S.L. v. Garland*, No. 21-9519, 2022 WL 985817, at *1 (10th Cir. Apr. 1, 2022) (citing *A.B. v. Sessions*, 741 Fed. Appx. 563, 563 n.* (10th Cir. 2018)). Christopher Coe fears physical retaliation from the individual who committed a crime against his wife. He and his family are in the process of receiving lawful status because his wife was the victim of a crime. *See* Coe Decl. ¶¶ 6-7. He fears that the individual will retaliate against him and his family—who are not parties to this case and include minor children—should they find out that they are cooperating with authorities investigating the crime. *See id.* ¶¶ 6-7, 14. Courts in this circuit have allowed plaintiffs to proceed in pseudonym where individuals would "retaliate against them for their role in initiating and pursuing [a] criminal investigation." *Does v. Rodriguez*, Nos. 06-CV-00805-LTB, 06-MC-00017-LTB, 2007 WL 684114, at *2 (D. Colo. Mar. 2, 2007).

Moreover, Plaintiffs' admission of intent to engage in criminal conduct creates a risk of physical danger. *See Doe v. U.S. Imm. & Customs Enforcement*, No. 1:23-CV-00971-MLG-JMR, 2024 WL 4389461 at *3 (D.N.M. Oct. 3, 2024) [hereinafter *Doe v. ICE*, 2024 WL 4389461] (risk of retaliation from immigration officials is a risk of physical danger); *Doe v. Hobson*, 300 F.R.D. 576, 577 (M.D. Ala. 2014) (granting leave to proceed under pseudonyms in light of plaintiffs' fear "of the possibility of criminal prosecution or deportation, the attachment of social stigma, the annoyance of private harassment, and the potential threat of violence"). Here, to establish standing, the individual plaintiffs have had to make allegations which could subject them to a number of criminal and immigration consequences. *Doe v. ICE*, 2024 WL 4389461, at *2; *see also* Boe Decl. ¶¶ 5, 7; Coe Decl. ¶ 5. First, their admissions regarding their immigration histories could subject them to enforcement under federal entry or reentry crimes. *See* 8 U.S.C. §§ 1325, 1326. These crimes carry the risk of fines or imprisonment for six months upon a first offense and two years for subsequent offenses. *See* 8 U.S.C. §§ 1325(a), 1326(a); *see also id.* § 1326(b) (providing enhanced reentry penalties for certain people). Second, while both of the individual plaintiffs may be subject to immigration proceedings and the risk of deportation, *see id.* § 1229a, for those with prior removal orders, like Christopher Coe, the consequences may be more severe, including reinstatement of removal, *see id.* § 1231(a)(5). Additionally, if banished from Oklahoma under H.B. 4156, Barbara Boe fears being forced to return to Mexico, where she experienced harm on account of her sexual orientation that led her to flee to the United States. *See* Boe Decl. ¶¶ 6, 8.

5

Finally, both Plaintiffs reasonably fear retaliation because immigration is a emotional and divisive issue, particularly in Oklahoma's political climate. *See id.* ¶ 14; Coe Decl. ¶ 14. Courts have allowed litigants to proceed anonymously where their "fear of criminal prosecution . . . involved politically charged and controversial issues[,]" such that "it [wa]s more likely that prosecution might be used as a tool to suppress the litigation, or that individual officers could feel so strongly about an issue as to personally retaliate against the plaintiffs." *Faith Action For Cmty. Equity v. Hawaii*, No. CIV. 13-00450 SOM, 2014 WL 320587, at *5 (D. Haw. Jan. 29, 2014). There are reports of anti-immigrant vigilante groups present in Oklahoma. *See* Joshua Kaplan, *Armed and Underground: Inside the Turbulent, Secret World of an American Militia*, PROPUBLICA (Aug. 17, 2024), https://perma.cc/5VUH-UYVK. Earlier this year, in Moore, Oklahoma, a couple was charged with assault for attacking a driver with a Mexican flag on his truck. *See 'Let's Come Together': Moore Man Offers Message of Unity After Racist Incident at Local Gym*, NEWS9 (Feb. 12, 2025, 4:58 AM), https://perma.cc/P9XS-FBQ5. In Oklahoma, hate crimes increased by 150% between 2022 and 2023, and the majority of hate crimes (approximately 80%) are motivated by race, ethnicity, and ancestry. *See Oklahoma*, U.S. Dep't of Just., https://perma.cc/5R4E-H6QF (last visited May 8, 2025). Accordingly, Plaintiffs reasonably fear retaliation from challenging H.B. 4156, which passed due to significant anti-immigrant sentiment in Oklahoma.

**II.    This case presents matters of a highly sensitive and personal nature, and disclosure may result in retaliation and cause Plaintiffs to incur the injury litigated against.**

This case involves the highly sensitive and personal matter of Plaintiffs' immigration status. Particularly where, as here, immigration status is linked to criminal consequences, however, the sensitivity of that information is heightened, and courts have permitted plaintiffs to proceed pseudonymously under such circumstances. *See, e.g.*, *Lozano v. City of Hazleton*, 620 F.3d 170, 194–96 (3d Cir. 2010), *vacated on other grounds by* 563 U.S. 1030 (2011); Order Granting Motion to Proceed Under Pseudonym, *Iowa Migrant Movement for Just. v. Bird*, No. 4:24-cv-00161-SHL-SBJ (S.D. Iowa June 6, 2024), ECF No. 37.

Furthermore, disclosure of the names of the Plaintiffs who are participating in this case would also invite the very injury complained of. Many of the Plaintiffs have pending applications for relief from immigration enforcement under federal immigration law. If it is disclosed, however, that the Plaintiffs simultaneously participated in a challenge to the constitutionality of a state immigration law, Plaintiffs reasonably fear adverse determinations in their immigration proceedings or, as described above, federal criminal prosecution as retaliation for their participation in this case. *See, e.g.*, *Chehab ex rel. Alwaieh v. Noem*, No. 1:25-CV-10614, 2025 WL 825236 (D.R.I. Mar. 16, 2025); *see also D.B.U*, 2025 WL 1101149, at * 1 (without responsive briefing, establishing "protection from retaliation" as a condition upon sharing of pseudonymous plaintiffs' information with defendants); *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1071 (9th Cir. 2000) (risk of deportation created an "extraordinary" threat of retaliation); *Here Are The*

7

*Students Trump Wants to Deport Over Their Speech*, ROLLINGSTONE (Mar. 28, 2025), https://www.rollingstone.com/politics/politics-features/trump-deport-student-speech-palestine-mahmoud-khalil-ozturk-1235305498/ (describing retaliation, through detention and placement in removal proceedings, for protected speech). Those adverse determinations would result in expulsion from Oklahoma and possible removal from the United States—the injury that Plaintiffs brought this suit to prevent.

**III.    The public interest also favors granting anonymity.**

Ordinarily, the public interest in open courts weighs against leave to proceed under pseudonyms. *M.M.*, 129 F.3d at 800. But where, as here, the vindication of significant constitutional issues may depend on leave to proceed pseudonymously in light of real and reasonable fears of retaliation, the public interest is reversed in favor of granting leave to proceed. *See, e.g.*, *Doe v. Farmington Mun. Sch.*, No. CV 21-103 SCY/KK, 2021 WL 1390777, at *3 (D.N.M. Apr. 13, 2021) ("[R]equiring Plaintiff to proceed under her own name would risk subjecting her and her family to retaliation and exacerbated psychological harm . . . that . . . outweighs the public's countervailing interest in access to Plaintiff's identity in these proceedings."). Protecting constitutional rights is of the utmost public interest, and lawsuits seeking to vindicate those rights by definition serve the public. *Cf. Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 807 (10th Cir. 2019). Indeed, this Court, like courts across the country considering similar laws, has already held that HB 4156 is likely unconstitutional. *United States v. Oklahoma*, 739 F. Supp. 3d 985, 1002, 1004 (W.D. Okla. 2024); *United States v. Iowa*, 737 F. Supp. 3d 725, 751 (S.D. Iowa 2024) (preliminary injunction against near-identical law for both United States and private

8

parties), *vacated*, No. 24-2265, 2025 WL 1140834 (8th Cir. Apr. 15, 2025) (vacating only the order granted to the United States); *United States v. Texas*, 719 F. Supp. 3d 640, 702 (W.D. Tex. 2024). Plaintiffs seek to vindicate this Court's prior holding. Forcing an individual to disclose private and personal information as part of vindicating constitutional rights would dissuade other similarly situated individuals from bringing such claims. *See Doe v. ICE*, 2024 WL 4389461, at *4 (noting that "[i]t is not hard to foresee the potentially chilling effect on other similar plaintiffs who may seek legal remedies for wrongful government conduct" and finding that "the potential deterrent effect of requiring Plaintiffs to proceed under their own names weighs in favor of granting their request for anonymity.").

Plaintiffs do not seek to restrict the public's general right to access the filings, proceedings, and rulings in this case. Plaintiffs' request is narrowly tailored to prevent only the public disclosure of the Plaintiffs' identities. Where, as here, the "public will have access to the facts relevant to the parties' arguments and the Court's ultimate decision in the case, an order permitting Plaintiff[s] to proceed under a pseudonym will not unreasonably interfere with the public's interest in access to judicial records and will promote the public's interest" by protecting every individual's constitutional rights. *Doe v. Stand. Ins. Co.,* No. 1:15–CV–00105–GZS, 2015 WL 5778566, at *3 (D. Me. Oct. 2, 2015).

Moreover, allowing Plaintiffs to procced pseudonymously will not prejudice Defendants. Courts have found "minimal" prejudice where, as in this case, Plaintiffs are "willing[] to disclose their identities to the government" during discovery, "subject to

9

protections from retaliation and pseudonymity in court filings[.]" *D.B.U*, 2025 WL 1101149, at * 1.

Finally, courts across the country, including in the Tenth Circuit, have granted plaintiffs in similar situations leave to proceed anonymously, even under stricter circuit standards. *D.B.U*, 2025 WL 1101149, at * 1; *Doe v. ICE*, 2024 WL 4389461 at *3; *Lozano*, 620 F.3d at 194–96; *R.F.M. v. Nielsen*, 365 F.Supp.3d 350, 370–72 (S.D.N.Y. 2019). *See also Hispanic Interest Coalition of Ala. v. Governor of Ala.*, 691 F.3d 1236, 1247, 1247 n.8 (11th Cir. 2012) (compiling cases). Indeed, the number of courts that have granted leave to proceed under pseudonyms has only increased in recent months in light of the federal government's unprecedented and undeniable use of immigration proceedings to target those whose speech (including legal advocacy in court) the federal government disagrees with. *See generally Ariz. Student Doe #1 v. Trump*, 2025 WL 1192826, at *3–4 (D. Ariz. Apr. 24, 2025) (grant); *SD Student Doe #1 v. Noem*, 2025 WL 1194080, at *7–8 (S.D. Cal. Apr. 24, 2025) (grant); *J.O.P. v. U.S. Dep't of Homeland Security*, 2025 WL 1180191, at *8–9 (D. Md. Apr. 23, 2025); *W.B. v. Noem*, 2025 WL 1180296, at *1 n.1 (N.D. Cal. Apr. 23, 2025) (grant); *Student Doe v. Noem*, 2025 WL 1134977, at *2 (E.D. Cal. Apr. 17, 2025) (grant); *Doe v. Becerra*, 2025 WL 691664, at *7 (E.D. Cal. Mar. 3, 2025) (grant).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to proceed under pseudonyms.[2]

| | |
|---|---|
| Dated: May 13, 2025 | Respectfully submitted, |
| | /s/ *Devraat Awasthi* |
| Elissa Stiles (OK Bar. No. 34030) | Devraat Awasthi (OK Bar. No. 35544) |
| Rivas and Associates | Megan Lambert (OK Bar. No. 33216) |
| P.O. Box 470348 | American Civil Liberties Union of |
| Tulsa, OK 74147 | Oklahoma Foundation |
| T: (918) 419-0166 | P.O. Box 13327 |
| F: (918) 513-6724 | Oklahoma City, OK 73113 |
| *estiles@rivasassociates.com* | T: (405) 525-3831 |
| | *mlambert@acluok.org* |
| | *dawasthi@acluok.org* |
| Spencer Amdur* | Noor Zafar* |
| Oscar Sarabia Roman* | Omar Jadwat* |
| Cody Wofsy* | Grace Choi** |
| American Civil Liberties Union | American Civil Liberties Union |
| Foundation, Immigrants' Rights Project | Foundation, Immigrants' Rights Project |
| 425 California Street, 7th Floor | 125 Broad Street, 18th Floor |
| San Francisco, CA 94104 | New York, NY 10004 |
| T: (415) 343-0770 | T: (212) 549-2660 |
| *samdur@aclu.org* | *nzafar@aclu.org* |
| *osarabia@aclu.org* | *ojadwat@aclu.org* |
| *cwofsy@aclu.org* | *gchoi@aclu.org* |
| | *Attorneys for Plaintiffs* |
| | *\* Admitted pro hac vice* |
| | *\*\*Pro hac vice application filed* |

---

[2] Should Defendants require identification of Plaintiffs' identities for the limited purpose of establishing standing, Plaintiffs are amenable to providing such information pursuant to a protective order limiting disclosure of their identities to counsel for Defendants.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2025, I filed a true and correct copy of the foregoing using the CM/ECF system, which will serve the filing on all counsel of record.

*/s/ Devraat Awasthi*
Devraat Awasthi