UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-24-511-J |
| | ) |
| THE STATE OF OKLAHOMA, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This case centers around the constitutionality of Oklahoma House Bill 4156 (H.B. 4156), codified at Okla. Stat. tit. 21, § 1795, which imposes state criminal penalties on noncitizens who enter Oklahoma without authorization to enter the United States.

On May 21, 2024, the federal government filed suit against the State of Oklahoma and several of its officials for declaratory and injunctive relief to enjoin enforcement of H.B. 4156. The next day, it formally moved for a preliminary injunction on grounds that H.B. 4156 was preempted by federal law.

On May 23, Padres Unidos de Tulsa and Ximena Monserrat Lopez Mena filed a separate yet similar lawsuit challenging H.B. 4156. An amended complaint followed on May 24, adding three additional plaintiffs—Jordy Madrigal Martinez, Antonio Marquez, and Rene Doroteo (collectively, with Padres Unidos de Tulsa and Ximena Monserrat Lopez Mena, the Padres Unidos Plaintiffs). That same day, the Padres Unidos Plaintiffs moved for a preliminary injunction on grounds similar to those raised by the federal government. The Court consolidated the two cases on June 5, 2024.

On June 28, 2024, the Court granted the federal government's motion for a preliminary injunction and denied the Padres Unidos Plaintiffs' injunction motion as moot. *See* [Doc. Nos. 39,

40]. Oklahoma appealed, but the federal government voluntarily dismissed its complaint before appellate review.  [Doc. No. 50].  The Tenth Circuit then dismissed the appeal as moot and denied the Padres Unidos Plaintiffs' motion to intervene.  [Doc. No. 52].

Today, May 13, 2025, Ximena Monserrat Lopez Mena, Jordy Madrigal Martinez, Antonio Marquez, and Rene Doroteo Hernandez voluntarily dismissed their claims—leaving only Padres Unidos de Tulsa.  Padres Unidos de Tulsa then moved, pursuant to Federal Rule of Civil Procedure 15, for leave to file an amended complaint adding (1) the League of United Latin American Citizens Oklahoma City (LULAC) and two other individuals—Barbara Boe and Christopher Coe—as plaintiffs and (2) class action allegations.[1]  *See* [Doc. No. 59].   That motion is now before the Court.

Given the posture of this case, Rule 15(a)(2) is the relevant provision.  Under subsection (a)(2), federal courts are directed to "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In doing so, courts afford litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018).

The Supreme Court has instructed that Rule 15's directive to "freely give leave" is a "mandate . . . to be heeded."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Thus, a court may only deny leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman*, 371 U.S. 182).

---

[1] Padres Unidos de Tulsa attaches its proposed amended pleading to its Rule 15 motion.

Upon review of Padres Unidos de Tulsa's motion and proposed amended pleading, the Court finds amendment appropriate under Rule 15(a)(2). Accordingly, Padres Unidos de Tulsa's motion [Doc. No. 59] is GRANTED. Padres Unidos de Tulsa shall file the second amended complaint no later than May 14, 2025. The Clerk of Court is DIRECTED to reopen this case, and, until further notice, all future filings shall conform to the case caption in the forthcoming amended pleading.

IT IS SO ORDERED this 13th day of May, 2025.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE